Plaintiff alleges that he purchased a ticket and rode as a passenger on the defendant railroad from Markee to DeRidder on the morning of October 18, 1939; that when he started to leave the train at DeRidder with other passengers who were alighting and just as he reached the vestibule or platform leading to the steps, he "stepped upon some kind of foreign substance resembling a rotten orange or partially decayed banana peel which was lying directly in the middle of the passage provided for passengers to pass through in alighting from the passenger coach of the said railroad company." He then sets out how this foreign substance caused him to fall and the injuries which he received from the fall. He sues for damages in the sum of $25,000.
The defendant filed an exception of no cause or right of action which was overruled by the court. In its answer, the defendant admits that plaintiff was a passenger on its train and that he disembarked at DeRidder with other passengers, but alleges that if he is suffering from any disability it was caused by an injury which he alleged in his petition that he received several years previous in a truck accident. The defendant denies that plaintiff slipped on a foreign substance and was injured as he alleged, and denies any negligence on the part of its agents and employees.
The trial judge dismissed the suit, and plaintiff has appealed. The defendant has answered the appeal and asks that its exception of no cause or right of action be sustained by this court.
The exception is based on the ground that the petition does not show any negligence on the part of the railroad, its agents or employees; that the petition must allege and the proof must show that, if there was a banana peel on the floor of the vestibule which caused plaintiff to slip and fall, the employees of the railroad put it there, or if it was put there by some third person, they knew or should have known it was there and failed to remove it. The law on this point is stated in the recent case of Jones v. Baton Rouge Electric Company, La.App., 192 So. 539, where we held that a carrier of passengers for hire was not liable for injury to a passenger who slipped on a banana peel in the aisle of a bus unless it was shown that the employees of the bus company placed the peel there, or had a reasonable opportunity to know of its presence and failed to remove it.
While that part of the petition which we have enclosed in quotations above does not specifically allege that the agents and employees of the railroad had *Page 924 
an opportunity of knowing that the banana peel was on the floor of the vestibule, it does allege that the foreign substance was "lying directly in the middle of the passage provided for passengers to pass through in alighting from the passenger coach". A banana peel or any other similar foreign substance that might be dangerous to the safety of passengers lying directly in the middle of a passage where passengers are required to walk, ordinarily should be observed by those in charge of the train if it had been there for any considerable length of time. Whether or not the foreign substance had been there for a sufficient length of time for the operators of the train to know of it, or whether they were negligent in failing to discover its presence and remove it, is a question of fact to be determined from the evidence produced on the trial of the case. The exception was properly overruled.
The evidence shows that plaintiff did step on an old banana, or banana peel, as he stepped out of the coach onto the platform or vestibule from which the passengers were descending to the ground; that he fell and suffered some injury; but it does not appear from the evidence who put the banana peel on the floor of the vestibule nor how long it had been there. The defendant has shown, however, by an abundance of undisputed evidence that the banana or the banana peel was not there from the time that the plaintiff got on the train at Markee until it reached DeRidder, a distance of some twelve miles, requiring about thirty minutes to travel.
The train consisted of only two coaches. The front coach contained the motor which operated the train and also served as the coach for the white passengers, and the rear coach contained the baggage and served as a separate coach for the colored passengers. There was a closed vestibule between the two coaches, and the passengers boarded the train and alighted from it on the platform and by way of the steps on the rear of the front or white coach. Several passengers were getting off the train ahead of the plaintiff, he being either the last or the next to the last in the file moving out of the coach. The train crew consisted of the motorman, the conductor and a negro brakeman, it being the duty of the latter in addition to other duties to sweep and dust the coaches, raise the trap door on the platform, and assist the passengers in getting on and off the train.
The brakeman testified that he swept out the coaches when the train was about twenty miles from DeRidder, and dusted the coaches just before the train reached DeRidder; that he passed over the vestibule where plaintiff stepped on the banana or banana peel a number of times and never saw it; that he assisted several passengers on and off the train, raised and closed the trap door on the platform so that the passengers could reach the steps, and never saw any banana or banana peel on the platform. The conductor passed over the platform where the plaintiff later stepped on the banana peel and he never saw it.
If there were no other testimony but that of the trainmen as to their failure to see a banana or banana peel on the platform, it might be concluded that the railroad had failed to show its lack of negligence in discovering the presence of the banana peel and in failing to remove it before plaintiff tripped and fell on it, but several passengers who had to pass directly over this platform testified that they did not see any banana or banana peel on the floor. Some four or five passengers passed out just ahead of plaintiff and none of them saw the peel. The plaintiff testified that he stepped on something that looked like an old banana and he fell down on his left hip and the small of his back. Tom Stark who was a passenger on the train, testified that he was just behind the plaintiff as they got off the train, and he saw just in front of the plaintiff what looked like a banana just as the latter stepped on it and fell. In fact, Stark and plaintiff are the only ones who saw a banana or banana peel on the floor before plaintiff stepped on it, but we are convinced there was something like a banana peel on the platform as there is nothing to dispute the testimony of these two witnesses, and the colored brakeman admits that he made the remark after plaintiff had fallen that the two school boys who got off the train at the time must have dropped the banana on the platform of the train, indicating that he did see a banana peel after plaintiff had fallen.
There is considerable difference in the evidence as to the order in which the plaintiff and the other passengers got off the train. However, we do not think this is very important as the evidence shows that this banana or banana peel was not on the platform just before the passengers began to get off at DeRidder, and consequently *Page 925 
the train crew did not have an opportunity of knowing of its presence and removing it before plaintiff slipped on it. Just how it got there is purely a matter of speculation. Defense counsel intimates that plaintiff himself might have put it there; the negro brakeman evidently thought the two school boys might have dropped it as they got off the train; they denied that they dropped it.
The railroad was not required to prove who put the banana peel on the platform or how it got there, but was only required to show that it had not been there a sufficient time for the railroad employees to know of it, or that they had not had a reasonable opportunity to discover its presence and remove it. The railroad has proven this by a decided preponderance of the evidence.
Finding no error in the judgment appealed from, the same is hereby affirmed.