# SHIRLEY v. LOUISVILLE & NASHVILLE R. CO.— 251 S. W. (2d) 440.

Middle Section.    April 25, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

W. R. Fain, Jr., and Goodlett & Goodlett, all of Clarksville, for plaintiff in error.

H. B. Stout, of Clarksville, and David M. Keeble, of Nashville, for defendant in error.

FELTS, J.   This action was brought by Polly May Shirley to recover damages for personal injuries alleged to have been sustained by her in alighting from defendant's train after it stopped at its station in Clarksville.

The gist of the cause of action stated in plaintiff's declaration was this: She bought a ticket and got on the train at Guthrie, Kentucky, and rode in the car for colored persons to Clarksville.   When the train stopped at the station she started down the steps and "on the first step below the floor level of the coach she stepped upon some litter or trash (which she had not seen) which defendant had negligently, wrongfully, and carelessly, and unlawfully permitted to accumulate there."   Her feet slipped from under her, and she was thrown violently down and on the metal steps of the coach and suffered the injuries sued for.

At the close of the evidence for plaintiff the trial judge sustained defendant's motion, directed a verdict in its favor, and entered a judgment dismissing the action. Plaintiff properly brought the case here by appeal in error and insists that the evidence made a case for the jury.

Evidence for plaintiff was that she was a Negro woman twenty-eight years of age.   She bought a ticket and got on the train at Guthrie, accompanied by a Negro man named Will Grady. When the train arrived at Clarksville he alighted, carrying her suitcase.   She testified that when she started down the steps, as she stepped on the second step, she "stepped on something soft," her feet slipped out from under her, she fell feet foremost, her

head and back striking the steps and her feet striking the concrete station platform.

The only other evidence as to the accident, besides that of plaintiff herself, was the testimony of Charles Sanders, a colored taxi driver who was at the station "to pick up passengers for the cab trip." There was quite a crowd there and he heard a commotion. He looked around and saw plaintiff lying with her back against the steps and her feet resting on the concrete station platform. He and another boy (Will Grady, who had died before the trial) went to help her up. Witness Sanders said Grady "got a banana peeling from right at her feet." He later said Grady pulled a banana peeling "off the side of her foot."

He said that there was no porter or employee of defendant in the vestibule or at the steps when plaintiff fell. But a porter came up later. No witness testified that there was any debris or any banana peeling in the vestibule or on the steps, except the statement of plaintiff that she "stepped on something soft" on the second step.

Taking the evidence for plaintiff as true and construing it most strongly in her favor, as we must do, we think it failed to make a case for the jury. There was no evidence that defendant was guilty of the negligence charged or breached any duty it owed plaintiff as a passenger.

"In order to recover against a carrier for injuries sustained due to the presence of debris or other foreign substance upon the steps of a railway car, it is essential to show knowledge, express or implied, on the part of the carrier of the existence of such condition. Thus, a carrier is not liable for injury to a passenger who falls from the step of a car, slippery

because of tobacco juice thereon, if there is nothing to show that it had been there any length of time and that the conductor was negligent in failing to discover it before the accident happened. The same rule has been applied with respect to an injury caused to a passenger by slipping on a banana peel lying on the steps of a car.'' 10 Am. Jur., Carriers, Sec. 1394, p. 236.

The foregoing statement is well supported by the authorities. Louisville & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S. W. 31, Ann. Cas. 1916E, 1084; Casale v. Public Service Co-ordinated Transport, 160 A. 326, 10 N. J. Misc. 611; Sewell v. Gulf, C. & S. F. Ry. Co., La. App., 11 So. (2d) 923; Davis v. Southside Elevated R. Co., 292 Ill. 378, 127 N. E. 66, 10 A. L. R. 254; Alabama Great Southern R. Co. v. Johnson, 14 Ala. App. 558, 71 So. 620; Benson v. Manhattan Ry. Co., 31 Misc. 723, 65 N. Y. S. 271.

If the evidence permitted an inference that a banana peeling was on the steps, there was nothing to show how long it had been there, how it came to be there, and whether it was dropped there by another passenger alighting, or thrown there by a member of the crowd at the station, or that any of defendant's employees knew or by exercise of the highest care could have known it was there.

■ ■ "To have successfully guarded against an accident of this kind, the company would be compelled to keep a servant at the steps of every car during all the time they were receiving and discharging passengers. No such degree of vigilance is required of a carrier to guard against a peril of this character. (Citing numerous cases)''. Louisville & N. R. Co. v. O'Brien, supra, 163 Ky. 538, 174 S. W. 33, Ann. Cas. 1916E, 1086.

All of the assignments of error are overruled and the judgment of the circuit court is affirmed. The costs of the appeal in error are adjudged against plaintiff in error and the sureties on her appeal bond.

Howell and Hickerson, JJ., concur.