PHILLIPS *v.* HARVEY CO.

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

WALLER, DAVIS & LANSDEN, of Nashville, for appellant.

HUME, HOWARD, DAVIS & BOULT, of Nashville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The Plaintiff and Plaintiff in Error is Mrs. C. T. Phillips, and the Defendant and Defendant in Error is the Harvey Company, a department store in Nashville. Plaintiff filed her declaration against the Defendant in the Davidson County Circuit Court, seeking damages for

personal injuries in the amount of $25,000. The declaration alleged that the Plaintiff went to the ladies department of Defendant's department store to look at dresses, and possibly make a purchase from the Defendant; that the Defendant had in its store, a dress displayed on a mannequin mounted on a stand; that said mannequin was placed by the Defendant so as to invite the Plaintiff and other customers to walk completely around the mannequin to look at said dress; that the Defendant knew that its customers, including the Plaintiff, would walk around said mannequin while looking at the dress; that the Defendant owed the Plaintiff and its other customers the duty to keep the floor around said mannequin in a safe condition for the customers to walk on; that the Defendant negligently breached this duty by allowing an obstruction to lie upon that part of the floor upon which Plaintiff walked to look at said dress; and that as a result of the Defendant's negligence, the Plaintiff tripped over said obstruction while looking at the dress, and fell to the floor, sustaining a fracture of a vertebra in her back.

To the declaration the Defendant filed a motion to require the Plaintiff to make her declaration more specific and to allege the nature and character of the obstruction over which she alleged that she had fallen. The Court sustained this motion and thereafter Plaintiff filed an amendment to her declaration as follows:

"Said obstruction was of such a nature that it was not seen by plaintiff, who in the exercise of ordinary care for her own safety, stepped around the mannequin on which a dress was displayed, as she and other customers of the defendant were invited to do. The plaintiff did not see the obstruction over

which she fell and cannot identify it, but she felt it when her foot came in contact with it and she was tripped by it.''

To the amended declaration the Defendant filed a demurrer on the ground that the declaration (1) failed to show that Defendant was guilty of negligence, and (2) in failing to state what the obstruction was, the Plaintiff failed to state any connection of the Defendant with said obstruction, (3) that the Plaintiff's allegation that she fell over an obstruction is a conclusion, and (4) by failing to state what the obstruction was, she fails to state any. connection of the Defendant with the obstruction or state why, in the exercise of ordinary care for her own safety, she did not observe said obstruction.

The demurrer was sustained and the Plaintiff has appealed.

The question is narrowed to this: Whether the Plaintiff has stated a cause of action when, without stating any facts or circumstances surrounding her fall, she states merely that she was tripped by the said obstruction and thrown violently to the floor. She is unable to state the nature or character of the obstruction, whether it was attached to the floor, or movable, and so is unable to state any fact in connection with her fall that would necessarily connect the Defendant with the obstruction.

██ The Defendant is not an insurer, but a customer in a retail store is an invitee, and the store is under an obligation to exercise ordinary care to maintain the premises in a reasonably safe condition for its patrons. *Gargaro* v. *Kroger Grocery & Baking Co.,* 22 Tenn. App. 70, 74, 118 S. W. (2d) 561; *Ashworth* v. *Carnation Co.,* 190 Tenn. 274, 279, 229 S. W. (2d) 337.

██ A recent statement of the measure of care owed by the owner of premises to invitees is:

178

"It is unnecessary to cite authority for the proposition that mere ownership or occupancy of premises, here a car, does not render one liable for injuries to persons entering them; the owner is not an insurer, even when the visitor is an invitee. Liability is grounded on the superior knowledge of the owner of the danger to the invitee. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted." *Illinois Cent. R. Co.* v. *Nichols*, 173 Tenn. 602, 615, 118 S. W. (2d) 213, 217.

With this rule in mind, we may inquire whether by the amended declaration, a cause of action is stated against the Defendant when there is no statement of the nature or character of the obstruction which would justify an inference that the Defendant had superior knowledge of the obstruction or by the exercise of reasonable care, should have had. The rule is well-settled that the store owes its customers the duty of exercising reasonable care for their safety, and that in turn, customers are entitled to rely on the safety of the premises, *Gargaro* v. *Kroger Grocery & Baking Co.*, supra; *City of Nashville* v. *Fox*, 6 Tenn. App. 653, but this does not mean that the store is an insurer of the customer's safety. Unless some statement is made of the character or nature of the obstruction, there is nothing to take this case out of the insurer rule. Even a carrier of passengers for hire, is not subjected to that high standard of care, *Shirley* v. *Louisville & N. R. Co.*, 36 Tenn. App. 72, 251 S. W. (2d) 440.

The mere statement that there was an obstruction on the floor of a department store, where hundreds of people go and come every hour of the day, is no state-

ment that would justify an inference that the Defendant had any connection with the obstruction. To render the Defendant liable, it had to be shown either that the obstruction was of such a nature that the Defendant put it there, *Jackson* v. *Lowenstein Bros.,* 175 Tenn. 535, 136 S. W. (2d) 495, or that the obstruction was of such a nature that allowing it to remain on the floor, justified an inference that the Defendant had not exercised reasonable care in removing it, *Shirley* v. *Louisville & N. R. Co.,* supra.

For the reasons stated, we hold that the demurrer was properly sustained, and the judgment is affirmed.