CITY SPECIALTY STORES, Inc., d/b/a
Franklin-Simon Store, Appellant,

v.

Odie Alex BONNER and Barbara B.
Bonner, Appellees.

No. 13315.

United States Court of Appeals
Sixth Circuit.

Feb. 24, 1958.

502

Edward W. Kuhn, Memphis, Tenn., C. P. J. Mooney, Memphis, Tenn., on brief; McDonald, Kuhn, McDonald & Crenshaw, Memphis, Tenn., of counsel, for appellant.

George E. Morrow, Memphis, Tenn., Martin & Tate, Memphis, Tenn., on brief, for appellees.

Before SIMONS, Chief Judge, MILLER, Circuit Judge, and MATHES, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Odie Bonner and Barbara B. Bonner, his wife, filed this action in the District Court against the appellant to recover damages resulting from Mrs. Bonner's slipping and falling on the polished hardwood floor of the appellant's retail department store in Memphis, Tennessee. The complaint alleged that the appellant failed and neglected to keep its floor in a safe and proper condition, and that it was at the time of the accident in a highly glazed condition of extreme slickness, constituting a breach of the duty it owed to Mrs. Bonner as a customer, which negligence caused her to slip and fall. Mrs. Bonner sought damages for personal injuries sustained by her. Mr. Bonner sought damages for doctors and medical expenses incurred and to be incurred, and for the loss of the companionship and services of his wife. Appellant denied any negligence on its part and also relied upon contributory negligence on the part of Mrs. Bonner.

Mrs. Bonner testified that on the day of the accident she and her mother entered the appellant's store to shop for a hat. She was wearing leather soled shoes with heels one and one-half inches in height. They came through the vestibule and walked through an inner door, which was being held open by her mother. She walked two or three steps ahead of her mother across the floor and slipped and fell. She testified that the floor was so slippery her feet just went out in front of her and she sat down hard, that the floor was a hardwood block floor and that there was nothing on the floor to cause her to fall except the wax. She stated that she was a regular customer of the store, that she had been in it many times before, that she had noticed on previous occasions that the floor was slippery, and had seen a woman slip just a few weeks before the day of the accident. She also stated that as she and her mother walked into the store she was laughing at something they were talking about, that she was looking where she was going but did not look at the floor any more than she would normally look at a floor when walking across it, and that she did not have the considered thought at the time that the floor was slippery and that she had better watch out.

The District Judge overruled appellant's motion for a directed verdict at the close of all the evidence in the case. The jury returned a verdict of $2,500 for Mrs. Bonner and $1,000 for Mr. Bonner. This appeal was taken from the judgments entered thereon.

Appellant contends with respect to the issue of negligence on its part, that the doctrine of res ipsa loquitur does not apply in Tennessee to injuries as a result of slipping and falling on

a waxed floor, that the fact that Mrs. Bonner slipped and fell on the floor constituted no evidence of negligence on the part of the appellant, and that in order for the appellee to recover there must be evidence tending to show negligence in the manner of waxing or polishing the floor. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.2d 561; Phillips v. Harvey Co., 196 Tenn. 174, 264 S.W.2d 810; Harper v. American National Bank & Trust Co., 193 Tenn. 617, 249 S.W.2d 583. These cases clearly hold that the mere ownership of premises does not render one liable for injuries to persons entering them, that the owner is not an insurer, even when the visitor is an invitee, and that the duty rests upon the injured person to affirmatively show negligence upon the part of the owner causing the injury. But we do not think that the Tennessee cases relied upon go so far as to hold that the only way in which such negligence can be proved is by showing by direct evidence that the floor was improperly waxed and polished, or to put it another way, as claimed by the appellant, that negligence was not shown in the present case if the evidence showed that the appellant followed the usual and customary method in that locality of waxing and polishing its floor, and in doing so it followed strictly the instructions of the manufacturing companies who made the floors or manufactured the wax. Customary practice is not as a matter of law ordinary care; it is but evidence of ordinary care. Northwest Airlines, Inc., v. Glenn L. Martin Co., 6 Cir., 224 F.2d 120, 129, 50 A.L.R.2d 882, certiorari denied 350 U.S. 937, 76 S.Ct. 308, 100 L.Ed. 818, rehearing denied 350 U.S. 976, 76 S.Ct. 431, 100 L.Ed. 846; Troupe v. Chicago D. & G. Bay Transit Co., 2 Cir., 234 F.2d 253, 260; Texas & Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 47 L.Ed. 905. The customary way of doing a thing may be a negligent way. Nashville, C. & St. L. Ry. Co. v. Wade, 127 Tenn. 154, 159, 153 S.W. 1120; City of Kingsport v. Lane, 35 Tenn.App. 183, 243 S.W.2d 289. If, after waxing and polishing the floor in the customary manner, the floor was left in a dangerously slick condition, it was a question for the jury to determine whether the appellant failed to exercise ordinary care for the safety and protection of its business invitees. There was considerable testimony in this case that the floor was "very slick," "really slick," "the slickest floors I have ever seen," and "I have never seen a floor that slippery in my life." There was also evidence that two customers had previously slipped in the same place on the same day that the appellee slipped, which under Tennessee law was competent to show not only notice of the slippery condition of the floor, but also to show its dangerous condition. John Gerber Co. v. Smith, 150 Tenn. 255, 264–268, 263 S.W. 974. The evidence was sufficient to take the case to the jury on the issue of appellant's negligence.

Under the issue of contributory negligence appellant argues a combination of contributory negligence and assumption of risk. For the purposes of this opinion we think it is better to consider them separately. Accordingly, on the issue of contributory negligence we disregard the element of knowledge, if any, by Mrs. Bonner that the floor was slippery, and consider merely whether she was contributorily negligent as a matter of law in entering the store and starting to walk across the floor without looking more carefully at the floor and observing that it was slick. Considering the nature of appellant's business, its excellent position in the trade, and its standing invitation to prospective customers to enter and use its floor, a customer would not normally anticipate that the floor was slippery. As we pointed out in Northwest Airlines, Inc., v. Glenn L. Martin Co., supra, 224 F.2d 120, 127, one to whom a duty is owed has a right to assume that it will be performed and it is not contributory negligence as a matter of law to fail to look out for danger when there is no reason to apprehend any. We are of the opinion that under the law of Tennessee the question of contributory negligence, considered separately from

504

assumption of risk, was for the jury. Commercial Club v. Epperson, 15 Tenn. App. 649; Martin v. Miller Bros. Co., 26 Tenn.App. 110, 168 S.W.2d 187. We recognize appellant's contention that these cases have factual differences from the present case, but such factual differences are material on the issue of appellant's negligence, not on the issue of contributory negligence.

To us, the real issue in this case seems to be appellant's contention that Mrs. Bonner had knowledge of the slippery condition of the floor, but, nevertheless, voluntarily walked upon it thereby assuming the risk of slipping and falling, which as a matter of law barred any right of recovery. There is strong support for this contention under the Tennessee cases. Manes v. Hines & McNair Hotels, Inc., 184 Tenn. 210, 197 S.W.2d 889; Harper v. American National Bank & Trust Co., supra, 193 Tenn. 617, 249 S.W.2d 583.

■ Appellees rely upon the ruling in City of Knoxville v. Cox, 103 Tenn. 368, 53 S.W. 734, that momentary forgetfulness of a known danger that caused plaintiff's injuries does not as a matter of law constitute such contributory negligence as will defeat his action, but is a fact to be considered by the jury along with the other facts in the case bearing upon the question of contributory negligence. However, the broad ruling of this case has been materially restricted by the later cases of Mayor & Aldermen of Knoxville v. Cain, 128 Tenn. 250, 159 S.W. 1084, 1086, 48 L.R.A.,N.S., 628 and Peters v. Tennessee Central Ry. Co., 179 Tenn. 509, 517–518, 167 S.W.2d 973. Yet the ruling in such restricted form appears still to be the Tennessee law. The rule as so restricted was stated in Mayor & Aldermen of Knoxville v. Cain, supra, as follows: "Therefore, while it is true, as laid down in City of Knoxville v. Cox, that the mere fact of a temporary lapse of memory in presence of a known danger is not always proof of negligence, yet we think this must be understood with the qualification above indicated; that

is, that such lapse must be shown to have reasonable cause, one which is apart from mere inattention."

■ The evidence in this case did not show a permanent slick condition of the floor. The fall of another customer, which Mrs. Bonner had seen, occurred a few weeks before the accident in this case. It does not necessarily follow that because the floor was slick a few weeks before the accident it was in the same condition at the time Mrs. Bonner entered the store a few weeks later. Waxing and polishing occurred at intervals. Use of the floor by hundreds of customers would change the condition from day to day. Mrs. Bonner, in the few steps she had taken at the time of her fall, had not observed the extremely slippery condition of the floor. In these respects the case is factually different from the Manes case and the Harper case. We are not convinced that the evidence in this case showed without substantial doubt that Mrs. Bonner knew or should have realized before using the floor on the particular day in question that it was dangerously slippery and that she, nevertheless, in disregard of her own safety assumed the risk of slipping and falling. Mere knowledge of the physical characteristics of a situation is not the only factor to be considered. The character of action or inaction in relation to the appreciation of the peril which a person of ordinary prudence could be expected to have in the situation is also a factor to be considered. The attention which one must pay to his surroundings, in governing his actions with respect to them, is not a legal absolute and will vary with the type of the situation and its circumstances. Reasonable minds might fairly differ in their conclusions. Surface v. Safeway Stores, Inc., 8 Cir., 169 F.2d 937, 940; W. T. Grant Co. v. Karren, 10 Cir., 190 F.2d 710, 711; Kitsap County Transp. Co. v. Harvey, 9 Cir., 15 F.2d 166, 48 A.L.R. 1420. We are of the opinion that the District Judge was not in error in submitting this question to the jury.

The judgments are affirmed.