**CINCINNATI BASEBALL CLUB CO.,**
Appellant,

v.

**Elizabeth HINES, Appellee.**

**No. 13647.**

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1959.

Rendigs, Fry & Kiely, Cincinnati, Ohio, for appellant.

Weber, Hensley & Nurre, Cincinnati, Ohio, John M. Heeter, Indianapolis, Ind., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellee brought a negligence action for damages for personal injuries alleged to have been suffered by her when she slipped on a sticky substance on a runway in the appellant's grandstand, and fell to the floor. Appellant defended on the ground that there was no credible evidence of its negligence, and that, in any event, appellee was guilty of contributory negligence in stepping on a slippery substance on the floor, when she knew it was there.

As to whether appellant was guilty of any negligence, the evidence presented a question of fact for the jury. On the issue of appellee's contributory negligence this was likewise a question for the jury. "We are not convinced that the evidence in this case showed without substantial doubt that [she] knew or should have realized before using the floor on the particular day in question that it was dangerously slippery, and that she nevertheless in disregard of her own safety assumed the risk of slipping and falling. Mere knowledge of the physical characteristics of a situation is not the only factor to be considered. The character of action or inaction in relation to the appreciation of the peril which a person of ordinary prudence could be expected to have in the situation is also a factor to be considered. The attention which one must pay to his surroundings, in governing his actions with respect to them, is not a legal absolute and will vary with the type of the situation and the circumstances. Reasonable minds might fairly differ in their conclusions. * * * We are of the opinion that the District Judge was not in error in submitting this question to the jury." City Specialty Stores, Inc. v. Bonner, 6 Cir., 252 F.2d 501, 504.

The judgment of the District Court, which was entered on the verdict of the jury in favor of the appellee, is affirmed.