**Magdaleno PUENTES, Plaintiff,**

v.

**Mike SULLIVAN, Jr., et al., Defendants.**

**No. EP–76–CA–59.**

United States District Court,
W. D. Texas,
El Paso Division.

Jan. 26, 1977.

Marshall I. Yaker, El Paso, Tex., for plaintiff.

George N. Rodriguez, El Paso County Atty., Mike McDonald, Asst. County Atty., El Paso, Tex., for defendants.

MEMORANDUM AND ORDER

SESSIONS, District Judge.

### I.

Plaintiff brings this Complaint to redress the alleged deprivation under color of state law of rights, privileges, and immunities secured by the Constitution of the United States. Specifically, Plaintiff claims violations of the First and Fourteenth Amendments to the Constitution, resulting from Plaintiff's termination of employment as a jailer in the El Paso County Sheriff's Department. Plaintiff alleges that Defendants "did conspire, in the bad faith exercise of their official duties, to cause . . . the discharge of the Plaintiff because of his political belief." Plaintiff bases his cause of action on 42 U.S.C. § 1983 and § 1985(3), asserting jurisdiction under 28 U.S.C. § 1343. Defendants have moved to dismiss the cause of action grounded upon § 1985(3) and have filed a Motion in Limine concerning any mention of the word "conspiracy", since Plaintiff has allegedly not stated a claim sufficient to support a cause of action under 42 U.S.C. § 1985(3).

### II.

Sec. 1985(3) provides a cause of action against persons who conspire ". . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." Interpreting the meaning of this statute, the Supreme Court, in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), stated as a requirement of a cause of action based on § 1985(3) that:

"There must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798. Defendant contends that the conspiracy allegations of Plaintiff's Complaint fail to allege that Plaintiff is a member of any class that is being discriminated against by Defendants, and that, therefore, Plaintiff cannot satisfy the requirements of § 1985(3).

### III.

The *Griffin* Court did not define "class-based discriminatory animus", but rather expressly refrained from deciding what type of class-based discrimination was sufficient to satisfy the requirements of § 1985(3). However, the decisional law from neighboring circuits compels this Court to conclude that the Plaintiff herein has sufficiently stated a cause of action under § 1985(3).

In *Cameron v. Brock,* 473 F.2d 608 (6th Cir. 1973), the Plaintiff asserted a cause of action under § 1985(3), alleging that he was a supporter of a political opponent of the Defendant County Sheriff, who was then standing for reelection. Plaintiff claimed that he was arrested by Defendant while he was distributing leaflets supporting an opposing candidate. The Court held that Plaintiff had stated a cause of action under § 1985(3), since that statute reaches clearly defined classes "such as supporters of a political candidate". *Id.* at 610. This decision was later reaffirmed and followed in *Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir. 1975). Similarly, the Third Circuit in *Richardson v. Miller,* 446 F.2d 1247 (3rd Cir. 1971), and the Eighth Circuit in *Action v. Gannon,* 450 F.2d 1227 (8th Cir. 1971) have held that § 1985(3) is a sufficient jurisdictional base for a cause of action alleging a private conspiracy to interfere with a right guaranteed by the First Amendment. The *Action* Court wrote at length on the issues of interpretation of § 1985(3) and the source of congressional power which would allow an interpretation of § 1985(3) rendering private conspiracies subject to said statute. In *Griffin,* the Supreme Court had identified the Thirteenth Amendment's abolition of slavery and the constitutionally-protected right to travel, *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), as the sources of congressional power which allowed Congress to enact legislation reaching a private conspiracy. The *Griffin* Court stated that the identification of these two constitutional sources of congressional power did not imply the absence of other possible sources of congressional power, and mentioned specifically a broad scope of congressional power under Sec. 5 of the Fourteenth Amendment. In *Action v. Gannon* the Eight Circuit delineated a two-step test for determining whether Congress has power to reach a particular private conspiracy under Sec. 5 of the Fourteenth Amendment.

The first question in the two-step inquiry outlined in *Action* is whether the Fourteenth Amendment protects the alleged rights involved. The Eighth Circuit had no difficulty in answering this issue in the affirmative, since the alleged right involved in the case was the First Amendment right to freedom of expression, which is protected by Sec. 1 of the Fourteenth Amendment. *New York Times Co. v. Sullivan,* 376 U.S. 254, 276–277, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The second question in the two-step process is whether the Fourteenth Amendment protects the asserted rights only against state action, or against private action as well. The *Action* Court also answered this question in the affirmative, relying upon *United States v. Guest,* 383 U.S 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966), where the Supreme Court held that Sec. 5 of the Fourteenth Amendment authorizes Congress to make laws it concludes are reasonably necessary to protect a right created by and arising under the Fourteenth Amendment. In the case at bar the Plaintiff alleges a deprivation, at the hands of Defendants, of his right to freedom of expression, a First Amendment right protected by the Fourteenth Amendment.

A decision from the Ninth Circuit, *Lopez v. Arrowhead Ranches,* 523 F.2d 924 (9th Cir. 1975), and a decision from the Fourth Circuit, *Bellamy v. Mason's Stores, Inc.,* 508

F.2d 504 (4th Cir. 1974), have held particular conspiracy allegations to be without a sufficient jurisdictional basis under § 1985(3). The *Lopez* case is distinguishable from the case at hand in that the *Lopez* Plaintiff's alleged class, the class of people not hired by the Defendant, was not a class protected by any constitutional provision. The alleged conspiracy there was directed only toward any worker in, or who might have come into, the local work force, and was thus not a class for whom the Fourteenth Amendment provides any protection. In the instant case, Plaintiff has alleged deprivation of a constitutionally protected right, the right to freedom of expression. The *Bellamy* decision was a refusal to allow a § 1985(3)-based cause of action for private conduct similar to the conduct alleged in the instant case, the Fourth Circuit expressing an unwillingness to make the alleged private conduct actionable without further guidance from the Supreme Court.

■ The only guidance which this Court receives from the Fifth Circuit Court of Appeals is the case of *Westberry v. Gilman Paper Co.,* 507 F.2d 206 (5th Cir. 1975). In *Westberry,* the Fifth Circuit found that allegations of facts similar to the allegations of the instant case stated a cause of action under § 1985(3); however, that opinion was withdrawn because of mootness, and cannot be relied upon as legal precedent. Nevertheless, this Court concludes that a private conspiracy directed toward and having the effect of denying First Amendment rights comes within the provisions of § 1985(3). The spirit of the *Griffin* holding and the sound reasoning from the Courts of Appeal for the Third, Sixth, and Eighth Circuits compel this conclusion.

■ The purpose of requiring a class-based discrimination or an "invidiously discriminatory motivation" is to avoid making § 1985(3) into a general federal tort law. *Griffin,* 403 U.S. at 102, 91 S.Ct. 1790. Many are the plaintiffs who have endeavored to categorize their injuries as violations of rights protected by § 1985(3). However, the lower courts have successfully limited the availability of § 1985(3) to in-sure that that statute does not become a general federal tort law. For example, it has been held that the following allegations are not sufficient to state a cause of action under § 1985(3): an allegation of conspiracy to induce one's wife to leave him, *Smith v. Armstrong,* 396 F.Supp. 753 (N.D.Tex.1974); a conspiracy to keep one from filing workman's compensation claims, *Jacobson v. Industrial Foundation of the Permian Basin,* 456 F.2d 258 (5th Cir. 1972); conspiracy to deny an individual plaintiff a job, when that plaintiff is not a member of any particular group, *O'Neill v. Grayson County Hospital,* 472 F.2d 1140 (6th Cir. 1973); a conspiracy to deny office space to one in an alleged undesirable profession, *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972); a conspiracy to deprive someone of freedom of religion, when there is no allegation that the plaintiff belongs to any particular religious group, *Jackson v. Associated Hospital Services of Philadelphia,* 414 F.Supp. 315 (E.D.Penn.1976).

■ The above cases demonstrate that the courts have assiduously guarded against the possibility that § 1985(3) might become a general federal tort law. The right protected by § 1985(3) is the right to be free from a conspiracy based upon an invidiously discriminatory animus, aimed at an individual merely because that individual is a member of a particular class. *Griffin* dealt with class-based racial discrimination, but the *Griffin* Court did not preclude action by members of other classes to prevent or remedy discriminatory treatment directed at them because of their particular class status.

■ The Supreme Court has consistently demonstrated its view that the right to freedom of expression guaranteed by the First Amendment to the Constitution is of paramount importance. *N. Y. Times v. Sullivan, supra, Cox v. Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 471 (1965), *Williams v. Rhodes,* 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). A conspiracy to deprive a person of his right to free expression merely because he is a member of a group advocating an unpopular position or sup-

porting the election of an unpopular candidate can certainly be classified as a conspiracy based on an invidiously discriminatory animus, as required by *Griffin.*

Sec. 5 of the Fourteenth Amendment to the Constitution grants Congress the power to enact legislation necessary to the enforcement of the rights guaranteed by Sec. 1 of the Fourteenth Amendment. Considering the importance of the right to freedom of expression, Congress reasonably may have concluded that the right to be free from a conspiracy to deprive one of his freedom of expression is a right necessary to secure the freedom of expression guaranteed by the First and Fourteenth Amendments. The importance of the right to freedom of expression has been the basis for sustaining a cause of action under § 1985(3) in many courts. See *Pendrell v. Chatham College,* 386 F.Supp. 341 (W.D. Penn.1974), *Cameron v. Brock, supra, Richardson v. Miller, supra,* and *Action v. Gannon, supra.*

### IV.

■ Additionally, Plaintiff's Complaint, Par. V, alleges that Defendants' conspiracy was consummated "in the bad faith execution of their official duties". Although the *Griffin* holding stated as an element of a § 1985(3) cause of action the requirement that there be some class-based discrimination, the *Griffin* holding was expressly addressed to a cause of action against private individuals. The *Griffin* requirement of class-based discrimination is merely a limitation on the Court's ruling that private conspiracies are subject to § 1985(3). The *Griffin* Court expressly recognized that § 1985(3) reaches a conspiracy, under color of state law, to deprive individuals of constitutional rights. The Supreme Court has consistently held that an allegation of a deprivation of First Amendment rights at the hands of state officials, acting in their official capacity, is sufficient to allege a violation of the Fourteenth Amendment.

It appears, therefore, that Plaintiff has stated a cause of action under 42 U.S.C. § 1985(3), and it is, therefore,

ORDERED that Defendants' Motion to Dismiss and Motion in Limine be and they are hereby in all things denied.