476 F.Supp. 1051 (1979)
Lawson V. PHABY, Plaintiff,
v.
KSD-KSD-TV, INC., et al., Defendants.
No. 79-586C(2).
United States District Court, E. D. Missouri, E. D.
September 28, 1979.
*1052 Ronald S. Preuss, Anderson, Preuss & Zwibelman, Clayton, Mo., for plaintiff.
Robert B. Hoemeke/Michael P. Casey, Evans, Hoemeke & Casey, St. Louis, Mo., for defendant KSD.
Edward R. Joyce, St. Louis, Mo., for Percich.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the defendants' motions to dismiss. This suit seeks damages for an alleged conspiracy to discharge plaintiff between plaintiff's employer and the Sheriff of the City of St. Louis, Missouri. Plaintiff bases his claim upon 42 U.S.C. §§ 1983 and 1985(3).
Plaintiff was employed as a reporter by defendant KSD-KSD-TV, Inc. (hereinafter referred to as KSD). His duties included reporting on the St. Louis political and governmental scenes. Plaintiff was also a member and President of the 28th Ward Democratic Club in St. Louis.
Defendant Percich, Sheriff of the City of St. Louis at the time of the events underlying this cause of action, was a candidate for the office of Comptroller of the City of St. Louis. The 28th Ward Democratic Club, however, rejected Percich's request for an endorsement and endorsed a competing candidate. In plaintiff's position as a reporter with KSD, he reported on the Comptroller's race in St. Louis, and candidate Percich was naturally mentioned.
Percich subsequently contacted plaintiff's employer and complained about plaintiff's position with the 28th Ward Democratic Club and an asserted conflict of interest. Plaintiff was then removed from the political beat and was subsequently terminated, allegedly due to his political activities.
*1053 Plaintiff now contends that defendants conspired to discriminate against him due to his membership in the 28th Ward Democratic Club, in violation of 42 U.S.C. § 1985(3). Plaintiff also contends that Percich, as Sheriff, and KSD, acting under Percich's directions, violated his rights while acting under color of law, in violation of § 1983.
Plaintiff is now before this Court for the second time. Plaintiff's prior complaint, based solely on 42 U.S.C. § 1985(3), was dismissed without prejudice due to a failure to allege some class based animus to defendants' alleged conspiracy. Phaby v. KSD-KSD-TV, Inc., No. 78-832 C (3), order of September 20, 1978. Plaintiff's present complaint specifically alleges that defendants intended to deny plaintiff his rights due to his membership in the 28th Ward Democratic Club. The question now before the Court, therefore, is whether discrimination against plaintiff as a member of this group qualifies as "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" such that plaintiff's complaint states a cause of action under 42 U.S.C § 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).
A conspiracy to deprive a person of his rights to free speech and freedom of association due to his membership in a class, even though committed entirely by private persons, will constitute a violation of 42 U.S.C. § 1985(3). Action v. Gannon, 450 F.2d 1227 (8th Cir. 1971). It is clear that § 1985(3) covers more than just discrimination against racial groups. Cameron v. Brock, 473 F.2d 608 (6th Cir. 1973).
In Puentes v. Sullivan, 425 F.Supp. 249 (W.D.Tex.1977), the plaintiff alleged that the defendants had conspired to cause the plaintiff's discharge due to his political beliefs. The court held that discrimination against an individual because he is a supporter of a particular political candidate could properly be classified as a conspiracy based on invidiously discriminatory animus. Id. at 253-54. Similarly, in Cameron, supra, at 610, the court held that "§ 1985(3)'s protection reaches clearly defined classes, such as supporters of a political candidate".
This Court must therefore conclude that plaintiff's allegations that defendants conspired to deprive him of his constitutional rights due to his membership in a political club are sufficient to state a cause of action under 42 U.S.C. § 1985(3). Defendants' motions to dismiss will therefore be denied.
Defendants also move to dismiss the claims asserted by plaintiff under 42 U.S.C. § 1983. Defendants assert that the requisite state action has not been alleged in the complaint. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).
On the state of the record as it now stands, defendants' motions must be denied. Plaintiff alleges that the "successful pressure exerted upon Defendant KSD-KSD-TV, Inc., by Defendant Percich existed by virtue of Defendant Percich's holding the public office of Sheriff . . .". If Percich used the power and prestige vested in him due to his office, even though acting outside the scope of his authority as granted by law, his actions would sufficiently constitute state action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). If defendant KSD acted in concert with defendant Percich in the allegedly unlawful termination of plaintiff's employment, its action would also be considered state action. Adiches v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). On the state of the record as it now stands, it can not be said that plaintiff will not be able to prove that such was not the case. Defendants' motions will therefore be dismissed.