Barbara June SOUTER a/k/a Barbara South, Plaintiff–Appellant,

v.

CRACKER BARREL OLD COUNTRY STORE, INC., Defendant–Appellee.

Court of Appeals of Tennessee, Western Section, at Nashville.

Sept. 23, 1994.

Application for Permission to Appeal Denied by Supreme Court Jan. 30, 1995.

David S. Gardner, Nashville, for appellant.

Richard C. Mangelsdorf, Jr., Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Nashville, for appellee.

CRAWFORD, Judge.

This is a slip and fall case. Plaintiff, Barbara June Souter, appeals from the judgment of the trial court on a jury verdict in favor of defendant, Cracker Barrel Old Country Store, Inc.

On the night of August 24, 1990, plaintiff accompanied two friends to the Cracker Barrel Restaurant. While being led by the hostess to their table, plaintiff slipped and fell on the restaurant's hardwood floor. As a result of the fall, she suffered a broken wrist and a back injury.

Plaintiff alleged negligence on the part of defendant for either the presence of an unknown liquid substance on the floor, or for maintaining a dangerously slick hardwood floor or a combination thereof. Defendant denied any negligence and affirmatively asserted negligence upon the part of plaintiff. After hearing all of the evidence, the jury found that defendant was not guilty of negli-

gence or fault which proximately caused plaintiff's fall and resulting injuries.

Plaintiff has appealed and presents nine issues review for review. The first issue, as stated in plaintiff's brief, is:

1. Whether the trial court erred in declining to direct a verdict in favor of the plaintiff on the issue of the fault of the defendant, and in failing to grant a judgment notwithstanding the verdict, and/or in failing to award a new trial?

According to plaintiff, the court stated, in a jury out hearing, that if the law was as she claimed it to be, the court should (and would) grant a directed verdict in her favor. Plaintiff asks that we find her version of the law correct and accordingly grant a directed verdict in her favor.

■ From our review of the record it appears that plaintiff's version of the court's statement is inaccurate and based upon a misunderstanding between the court and plaintiff's counsel. The statement at issue occurred during a discussion of plaintiff's proposed jury requests and particularly the following instruction:

If you find that other people have fallen on the floor of the restaurant at a time or times when the condition of the floor was substantially the same as when the Plaintiff fell, you may find that the Defendant maintained the floor in a dangerous condition at the time of Plaintiff's fall, and that the Defendant had notice of the dangerous condition.

The court refused to grant the instruction, reasoning that this might mislead the jury into assuming that the floor was dangerous and that the defendant had prior notice of the dangerous condition. The court then stated that this instruction is "almost like a directed verdict." The court went on to say, "[i]f that were true—if it were true enough for me to do this, then I would have given you a directed verdict."

Contrary to plaintiff's contention, the court actually meant that plaintiff had not satisfied the factual predicate required to merit this instruction. We believe that when the court said "true enough", it was referring to truth in the factual sense, not in the legal sense.

Since plaintiff had not shown a threshold level of previous falls, when the floor was in substantially the same condition, an instruction of this type would not be appropriate.

Further evidence in support of this view is found when you carefully consider the following statement the court made to counsel. The court states, and plaintiff's counsel agrees, "that this instruction as written basically gives you a directed verdict on liability. I didn't give a directed verdict, so I probably won't do that in the instructions." In essence, the court is simply saying that had the plaintiff satisfied the factual predicate for this request at trial, then the court would have directed a verdict for her at that time, and there would be no reason to reach the jury instruction stage of the trial. Finally, at no point does the court explicitly state that it would have granted plaintiff's motion for a directed verdict as to liability if proposed jury instruction No. 27 represented an accurate statement of the law.

■ In any event, regardless of the conversation between the court and counsel, the court was correct in refusing to direct a verdict in favor of plaintiff. When ruling on a motion for a directed verdict, the trial judge and the reviewing court on appeal must consider all of the evidence, taking the strongest legitimate view of it in favor of the opponent of the motion and allowing all reasonable inferences from it in his favor. *City of Bartlett v. Sanders,* 832 S.W.2d 546, 549 (Tenn.App.1991). The court must discard all countervailing evidence, and if there is then any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Id.* Plaintiff did not satisfy this standard. The question of whether a liquid substance existed on the floor and caused Ms. Souter to fall was sharply disputed. The plaintiff herself admitted that she did not know why she fell, nor did any of the witnesses know why she fell. Conversely, there was evidence indicating that plaintiff's shoes or her medication may have caused her to fall. Clearly, the reason for the fall is open to dispute. Accordingly, the court was correct in denying plaintiff's motion for a directed verdict.

684

Plaintiff's remaining issues, number 2 through 9, are whether the trial court erred in refusing plaintiff's special request for jury instruction as set out in each issue.

Plaintiff requested twenty-eight special jury instructions. The court granted some of the requests and refused others. Plaintiff takes issue with the court's failure to grant eight of these requests.

■ The rule in Tennessee is that the trial court should instruct the jury upon every issue of fact and theory of the case raised by the pleadings and supported by the proof. *Street v. Calvert*, 541 S.W.2d 576 (Tenn.1976); *Underwood v. Waterslides of Mid–America*, 823 S.W.2d 171, 178 (Tenn.App.1991). More specifically, where a requested special instruction is a correct statement of the law, is not included in the general charge, and is supported by the evidence introduced at trial, the court should give the instruction. *Underwood v. Waterslides of Mid–America*, 823 S.W.2d 171, 178. When the denial of a request which ought to have been given prejudices the rights of the requesting party, the judgment should be reversed. *Nashville C. & St. L. Ry. Co. v. Jackson*, 187 Tenn. 202, 213 S.W.2d 116 (1948). The specific requests at issue are as follows:

2. If, after waxing and polishing the floor in the customary manner, the floor was left in a dangerously slick condition, you may find that the defendant failed to exercise ordinary care for the safety and protection of its business patrons.

■ This special request does not correctly state the law applicable to the facts contained in the record. No evidence was introduced at trial from which the jury could conclude that waxing or polishing the floor rendered it dangerously slick. There was no evidence that the floor had been waxed or polished prior to any of the slips, slides or falls testified to by the witnesses. As the trial court put it, "[w]e have no idea what [Cracker Barrel's floor maintenance] did. For all we know it made it more shiny."

Plaintiff's reliance on *City Specialty Store v. Bonner*, 252 F.2d 501 (6th Cir.1958) to support this instruction is misplaced. In *Bonner*, there was considerable testimony

that the floor was dangerously slick as a result of the store's waxing and polishing. *Id.* In the case at hand, there was virtually no evidence suggesting that the defendant's floor care procedure caused the floor to be slick. An instruction to the effect requested by the plaintiff could have easily misled the jury into believing that such evidence had been presented.

3. Customary care is not, as a matter of law, ordinary care, but it is merely evidence of ordinary care. The customary way of doing things may be a negligent way.

■ This instruction is outside the facts and evidence presented at trial. There was no evidence of custom presented at this trial. Thus, although the proposed instruction is a correct statement of law, it is improper charge as it is not supported by the evidence presented at trial. *Tennessee Farmers Mut. Ins. Co. v. Hinson*, 651 S.W.2d 235, 238 (Tenn.App.1983).

4. If you find that the plaintiff's fall occurred in the close proximity of the employees of the defendant, you may infer that defendant's employees could have and should have seen the moisture or liquid on the floor, and/or noticed the slick condition of the floor, in time to correct the condition and alert others to its existence. Facts may be inferred from circumstantial evidence, and an inferred fact may be the basis of a further inference of the ultimate or sought for fact.

■ The general charge adequately covered the foregoing instruction. The judge instructed the jury that the defendant may have constructive knowledge or notice of a defective condition. Furthermore, Appellant's request is misleading in that it suggests that plaintiff has established that there was moisture or liquid on the floor prior to the plaintiff's fall. Moreover the instructions convey to the jury the opinion of the trial court that disputed facts have been established and the court was correct in refusing to adopt it. *Crain v. Brown*, 823 S.W.2d 187, 194 (Tenn.App.1991).

5. The fact that plaintiff might have escaped injury by the exercise of extraordinary care is immaterial.

6. One to whom a duty is owed has a right to assume that it will be performed and is not contributory negligence [sic] as a matter of law to fail to look for danger where there is no reason to apprehend any.

7. Where conditions are such to mislead a person, his failure to discover danger is not generally negligence.

8. A person may rely upon the safety of the premises, if she is not aware of the danger, or there is no reason to apprehend any.

9. Plaintiff is not required to watch every step.

 The general charge adequately covered these instructions as well. The judge instructed the jury that the plaintiff was under a duty to use ordinary care for her own safety. As for Instruction 5, it is a natural corollary to the requirement that the plaintiff use ordinary care, that she is not required to use extraordinary care. As the trial court stated, the jury can only hold so many concepts. Injecting extraordinary care into the instruction would only sow confusion. We will not quibble with the trial judge's semantics. Similarly, requests 6–9 are encompassed within the general instruction on ordinary care. All of these instructions deal with comparative fault of plaintiff. In this case, the jury specifically found that the defendant is guilty of no negligence. Therefore, even if there had been some error on the part of the trial court in refusing the instruction, it would have been harmless; therefore, it is not reversible error. T.R.A.P. 36(b).

The judgment of the trial court is affirmed and the case is remanded to the trial court for such other proceedings as may be necessary. Costs of the appeal are assessed against the plaintiff.

TOMLIN, P.J. (Western Section), and FARMER, J., concur.