IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## VICKI RENA TREBING v. FLEMING COMPANIES, INC.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 96C643     Barbara N. Haynes, Judge**

—————————

**No. M1999-00473-COA-R3-CV - Decided April 28, 2000**

—————————

This appeal concerns the grant of summary judgment to Defendant in a slip and fall case where the trial judge found that no proof was presented of direct or constructive notice of the dangerous condition causing the fall. Appellant raises as issues on appeal the correctness of the summary judgment grant as well as the propriety of the trial court's order striking certain of the opinions of Plaintiff's expert.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

CAIN, J., delivered the opinion of the court, in which CANTRELL, P.J., M.S., and KOCH, J., joined.

David S. Gardner, Nashville, Tennessee, for the appellant, Vicki Rena Trebing.

Alan M. Sowell, Nashville, Tennessee, for the appellee, Fleming Companies, Inc.

### OPINION

Defendant is successor in interest to the original owner/operator of a MegaMarket formerly located on Gallatin Road in Nashville, Tennessee. The plaintiff was a customer of MegaMarket who slipped and fell in the store's foyer in 1992. She brought suit against Defendant/ Appellee's predecessor in interest on Feb. 21, 1996. Summary judgment was granted below on March 25, 1999. The plaintiff appeals the grant of summary judgment. Specifically, she argues here that:

1) Defendant had actual notice of the unreasonably dangerous condition of an accumulation of water on the MegaMarket foyer floor which caused Plaintiff's fall.

2) In the alternative Defendant had constructive notice of this dangerous condition by way of the "method of operation" theory.

3) The trial court erred in granting Defendant's motion to strike certain portions of the opinions of Plaintiff's expert.

In addition, Plaintiff takes issue with what she interprets as an implicit finding by the trial court that Plaintiff was 50% or more at fault. The order signed by the trial court states simply that Defendant's motion for summary judgment is well taken and should be granted. Inasmuch as this Court finds no implicit fault finding in the summary judgment order, Plaintiff's issue in that regard will not be considered.

The standard of review which applies to appeals from a grant of summary judgment is well settled. Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that the defendant is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party allowing all reasonable inferences in favor of Plaintiff and discarding all countervailing evidence. *Shadrick v. Coker,* 963 S.W.2d 726, 731 (Tenn.1998) (citing *Byrd v. Hall,* 847 S.W.2d at 210-11). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is de novo on the record before this Court. *Warren v. Estate of Kirk,* 954 S.W.2d 722, 723 (Tenn.1997); *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997). For the following reasons and under the authorities cited below, upon our *de novo* review we affirm the trial court.

Summary judgment is not to be granted lightly. However, when a plaintiff has failed to establish a necessary element to the claim, summary judgment is proper since, under the facts as presented to the court, no relief is due as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 321-25, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986) (as quoted in *Byrd, supra,* 847 S.W.2d at 213.) The record before the trial court contained the depositions of the plaintiff, of MegaMarket's manager at the time, Robert Durand, and of MegaMarket Salesclerk Ramona Dillard. In addition Plaintiff presented a copy of the incident report prepared as a result of Ms. Trebing's fall as well as the opinions of Plaintiff's expert Dr. Leighton Sissom. Consistent with the standard of review enumerated above, we examine the entire record in a light most favorable to the plaintiff allowing all reasonable inferences in her favor and discarding all countervailing evidence. *See Byrd v. Hall,* 847 S.W.2d, at 211. Under this standard, the following facts appear of record.

On or about June 24, 1992, between the hours of 4 and 5 in the evening, Plaintiff Vicky Trebing entered the MegaMarket located at 1515 Gallatin Pike, North, in Madison, Tennessee. At the time she entered the store the weather was clear. She spent between 45 and 50 minutes shopping. A sudden rainstorm occurred at some point before she started to exit the building. Water from this rainstorm blew into the MegaMarket's foyer through the store's mechanically operated doors. When triggered, these doors open to their full width and remain open so long as any object remains within the path of their infrared sensors. From time to time during periods of inclement weather, MegaMarket customers would leave their carts just outside of these mechanical doors, thereby triggering the doors to sporadically open and remain so open until such time as the obstruction is removed. There is no proof in the record showing that MegaMarket ever-failed to remove such hazards as soon as they became aware of them or that such hazard exited at the time Mrs. Trebing

fell.

The foyer floor was comprised of a manufactured surface called "Stonehard." Although this treated concrete surface was gritty when dry, it was not absorbent and thus allowed water to pool on it obscuring the natural prominences one would find on an asphault or untreated concrete surface. This pooling characteristic created an unreasonably dangerous condition which caused Ms. Trebing to slip and fall on the way out of the MegaMarket on June 24. Ms.Trebing was wearing flip-flop sandals at the time, and these sandals would have provided adequate traction on a dry surface. However, when Ms. Trebing traversed the exit foyer on her way out of the store she slipped on water which had pooled on the "Stonehard" surface.

Ms. Dillard's deposition establishes that due to the location of the checkout lanes and bagging stations, MegaMarket's cashiers had occasion to view the exit foyer. Mr. Durand's deposition shows that these cashiers would be at best 27-33 feet from the exit foyer where Ms. Trebing fell. Although Ms. Dillard remembered seeing Ms. Trebing fall she could not remember whether any store employee had been in the foyer prior to the fall. Mr. Durand testified that during periods of inclement weather of which MegaMarket personnel were made aware, safety measures were taken. Wet floor signs would be posted. Mats would be laid in very severe weather to prevent trackage and slippage. However, none of the proof presented in the record showed that MegaMarket employees had been made aware of the water in the foyer prior to Ms. Trebing's fall. Mrs. Trebing heard no thunder and was not aware that it was raining prior to her checkout and entrance into the exit foyer. There is no evidence that any employee of MegaMarket knew that it was raining before Mrs. Trebing started to leave the premises.

In essence the Plaintiff charges that the Defendant failed to maintain the MegaMarket premises in a reasonably safe condition, and/or failed to warn Ms. Trebing of a danger the existence of which it knew, or in the reasonable exercise of due care should have known. The well settled rule in this jurisdiction holds premises owners liable for injuries to business invitees resulting from dangerous conditions created by the owner or created by third parties of which conditions the owner is aware, or in the exercise of due diligence should have been aware. *See Jones v. Zayre, Inc.,* 600 S.W.2d 730,732 (Tenn. 1980). However, even the most charitable reading of the statements of the lay witnesses fails to reveal any such awareness on the part of the Defendant. Plaintiff would argue that MegaMarket need not have been aware of the pooling of water on the floor as long as the event which caused this accumulation of water, the sudden rainstorm, was visible to, or perceivable by Defendant. *See Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 565 (Tenn. Ct. App. 1985). In that regard, Plaintiff presents the incident report filled out after Ms. Trebing's fall by an unknown MegaMarket employee. That report contains the statement "a thunderstorm had just broke out." Plaintiff interprets this statement to place superior knowledge of the sudden rainstorm on the part of Defendant. The report does not indicate when the thunderstorm started in relation to when Mrs. Trebing began her exit through the foyer.

A clear statement concerning Defendant's liability is as follows:

While business proprietors... are not insurers of their patrons' safety, they are required to use due care under all circumstances. *Smith v. Inman Realty Co.,* 846 S.W.2d 819, 822 (Tenn.App.1992). In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Ogle v. Winn-Dixie Greenville, Inc.,* 919 S.W.2d 45, 47 (Tenn.App.1995); *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn.App.1980). Constructive knowledge can be shown by proving the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition. *Simmons v. Sears, Roebuck and Co.,* 713 S.W.2d 640, 641 (Tenn.1986).

Alternatively, the notice requirement is met if the plaintiff can prove that the defendant's method of operation created a hazardous situation forseeably harmful to others. *Hale v. Blue Boar Cafeteria Co.,* (Tenn.App., unpublished opinion, filed at Jackson, Feb. 21, 1980).

*Martin v. Washmaster Auto Center, U.S.A.,* 946 S.W.2d 314 (Tenn. Ct. App. 1996).

Plaintiff fails to show that Megamarket was aware of the condition before Ms. Trebing fell. She additionally fails to show that the rainstorm, much less the puddle of water in question, was in existence for any significant period of time. With evidence showing no notice, actual or constructive, Ms. Trebing must show liability via MegaMarket's method of operaton. To this end, Plaintiff attempts to show that, by using the "Stonehard" surface in its foyer, and by allowing carts to sit out in front of the foyer, MegaMarket in essence created the dangerous condition by allowing water to blow in and pool on the foyer floor. This "method of operation" theory, enunciated most recently by this Court in *Martin v. Washmaster, supra*, requires a showing that the pooling of water was created by a method of operation chosen by MegaMarket. As the Court said in *Hale*,

In these situations the questions are: (1) whether the condition created by the chosen method of operation constitutes a hazardous situation foreseeably harmful to others, (2) whether the proprietor used reasonable and ordinary care toward its invitees under these circumstances, and (3) whether the condition created was the direct and proximate cause of the plaintiff's injury.

*Hale v. Blue Boar Cafeteria Co.,* 1980 WL 150173, at *4 (Tenn. Ct. App.).

No creation of a dangerous condition is shown by MegaMarket's method of operation. There is no proof in the record to show that this specific dangerous condition has ever occurred before. The proof fails to establish that anyone saw or heard the storm in question until after Ms. Trebing

-4-

fell. There is no proof that Mr. Durand or anyone else regularly allowed carts to rest in front of the automatic doors. The record shows, at best, that water which may have blown into the exit foyer during this sudden summer storm created an otherwise unreasonably dangerous condition; that MegaMarket had no actual or constructive notice of the condition; and that Ms. Trebing slipped and fell. Ms. Trebing's action, therefore succeeds or fails on the concept of notice.

Thus we hold that Plaintiff failed to prove a necessary element of her case, i.e. notice of a dangerous condition on the part of MegaMarket. Absent such a showing, the judgment of the trial court should be and is hereby affirmed.

Plaintiff also urges that the trial court improperly struck two of the three opinions of Plaintiff's expert. The following opinions were stricken:

> 1. MegaMarket, in failing to maintain adequate protection for its customers from the rainwater which periodically blew into the foyer and onto the sealed concrete foyer floor, failed to exercise reasonable care for the protection of its customers.

> 2. Mrs. Trebing exercised reasonable care in walking through the foyer on her way out of the store.

The court below simply struck these opinions without enunciating a ground. Questions of the admissibility and competency of expert testimony is left to the sound discretion of the trial court. *McDaniel v. CSX Transportation, Inc.,* 955 S.W.2d 257, 263 (Tenn. 1997). The trial court's determination on such questions is only overturned on appeal where an abuse of that discretion is shown. *McDaniel, supra,* at 263-64. Upon our review of the record we find no such abuse.

As a result, the trial court's decisions with regard to expert testimony and summary judgment are affirmed in all respects. The cause is remanded for such other proceedings as may be necessary below. Costs on appeal are taxed against the appellant.