IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## SYLVESTER YOUNG v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 98C-2399     Carol Soloman, Judge**

---

**No. M2000-02455-COA-R3-CV - Filed February 6, 2003**

---

A prisoner allegedly slipped and fell on a wet floor in the Davidson County Jail, injuring his back. He brought suit against the Metropolitan Government of Nashville and Davidson County for deprivation of civil rights and negligence. The Chancery Court dismissed his civil rights claim on a Rule 12.02(6) motion, and transferred the negligence claim to Circuit Court. After a bench trial, the Circuit Court dismissed the negligence claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Sylvester Young, Goodlettsville, Tennessee, Pro Se.

Lora Barkenbus, Nashville, Tennessee, for the appellees, Metropolitan Sheriff's Department and Joyce Jordan.

## OPINION

### I. AN UNFORTUNATE ACCIDENT AND A CONFUSING COMPLAINT

In April of 1996, Sylvester Young was incarcerated in the H.G. Hill annex of the Davidson County Jail. He alleges that as he was going to breakfast, there was a pool of water on the floor of the mess hall that he failed to notice, and that there were no warning signs to alert him to the presence of the water. He slipped in the water and fell, injuring his hamstring muscle and back. Despite medical treatment, his condition did not improve.

On March 27, 1997, Mr. Young filed a hand-written pro se complaint in the Chancery Court of Davidson County, naming the State of Tennessee, the Metro Sheriff's Department, and jail

employee Joyce Jordan as defendants. It is unclear from any of his filings exactly what his theory of recovery was. In any case, he asked for $3 million for pain and suffering under Title 42 U.S.C. § 1983, $3 million for mental anguish, and $5 million for "loss and damages." A later amended complaint mentioned negligence, and elaborated slightly on his claims.

On June 18, 1997, Metro Government filed an answer, and asked that the complaint be dismissed for failure to state a claim for which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). Metro also denied any negligence, or any inference that any of its agents had prior notice of water on the floor. The Chancery Court dismissed the U.S.C. § 1983 constitutional claim for failure to state a claim. For jurisdictional reasons, it had to transfer the remaining tort claim to the Circuit Court. *See* Tenn. Code Ann. § 29-20-307.

## II. PROCEEDINGS IN THE CIRCUIT COURT

The Circuit Court granted summary judgment to defendant Joyce Jordan on October 4, 1999. The court noted that as a government employee who was not a health care practitioner, Ms. Jordan was immune from suit under Tenn. Code Ann. § 29-30-310.

On September 14, 2000, the Circuit Court conducted a hearing on the negligence claim. Mr. Young called his sister and two of his brothers as witnesses. Their testimony was simply that Mr. Young had told them about the accident, that they gave him money for medication while he was in jail, and that they sometimes drove him to the doctor after he was released.

Mr. Young then took the stand himself. He was very forthcoming about his own history, and admitted to several accidents he suffered both before and after his incarceration. In 1991, he fell through a mirror, severely cutting his jaw. He also received worker's compensation in 1991 for an on-the-job back injury. Sometime later, he fell down a flight of stairs. When he went to jail, he was suffering from four broken ribs and "a fractured tailbone." After his release, he was in two automobile accidents.

The plaintiff asked the court to admit over 100 pages of medical records into evidence. The records contained information about treatment for a multiplicity of conditions from 1991 on, most of which appear to have little relevance to Mr. Young's claims. However, a 1997 MRI report shows a disc herniation at the L5-S1 level of the spine, with compression of a sciatic nerve root.

At the conclusion of the plaintiff's proof, Metro offered a motion for directed verdict. The court took the motion under advisement, and the defendant put on its proof by calling two Sheriff's Department employees as witnesses. The two witnesses had worked in the H.G. Hill Annex at the time Mr. Young was incarcerated there. They both gave evidence to indicate that Mr. Young's alleged accident either did not happen, or did not happen in the way he testified. The trial court then granted Metro Government's Motion for Directed Verdict. This appeal followed.

### III. THE NEGLIGENCE CLAIM

Mr. Young's brief on appeal is as confusing as his filings in the trial court. Not only was he not represented by an attorney, but it is apparent to us that he has not obtained any legal advice to help him understand what he must prove in order to be entitled to any relief from the courts, and how he must go about proving it.

To prevail on a negligence claim, a plaintiff must prove each of the following elements by a preponderance of the evidence: that the defendant negligently breached a duty that it owed to the plaintiff, that the plaintiff was injured, and that the defendant's breach was the proximate cause of the injury. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000); *Keene v. Cracker Barrel Old Country Store, Inc,* 853 S.W.2d 501 (Tenn. Ct. App. 1992). All that Mr. Young managed to prove at trial was that he is currently suffering from a back injury. He did not offer sufficient proof that the injury was caused by his alleged fall in jail, or that the fall itself was caused by any negligence on the part of the sheriff's department.

His account of how water came to be on the floor (melting snow from outside flowing in under a door) was contradicted by temperature records and a floor plan of the annex introduced by the defendant. The temperature records showed thirteen consecutive days of temperatures over 40 degrees just prior to April 2, 1996, the date Mr. Young allegedly fell, including maximum daytime temperatures of 74, 62, 56 and 64 on March 30, 31 and April 1 and 2 respectively. The floor plan showed that there was no door to the outside between Mr. Young's cell and the mess hall.

Even if Mr. Young had managed to prove that he fell in a puddle of water, in order to establish that the defendant was negligent he would have had to prove that the defendant's agents had knowledge or notice of the condition, and sufficient time to do something about it. *Trebing v. Fleming Companies, Inc.*, 40 S.W.3d 42 (Tenn. Ct. App. 2000); *Souter v. Cracker Barrel Old Country Store, Inc.* 895 S.W.2d 681 (Tenn. Ct. App. 1994). There is no such proof in the record, and Mr. Young is clearly not entitled to relief.

### IV. OTHER CLAIMS AND ARGUMENTS

The appellant's brief contains the outlines of several other arguments or claims, all of which the appellee has diligently and effectively refuted in its own brief. We say "outlines" because Mr. Young did not develop any of the ideas that appear in his brief, but merely mentioned them. For example, Mr. Young insists that he still has a valid Eighth Amendment claim, but nowhere explains why an accidental fall should be classified as cruel and unusual punishment.

The appellee rightfully points out that Mr. Young's constitutional claims were heard and rejected by the Chancery Court, and that he did not object when the Circuit Court judge told him that he was not entitled to bring them up again. Apparently, Mr. Young also brought a civil rights suit based on the same facts in the U.S. District Court, which the federal court dismissed as frivolous.

The appellant also suggests that the court should have heard testimony concerning medical malpractice, because he was not x-rayed after he fell. But as the appellee points out, Mr. Young never raised a medical malpractice claim in his complaint, never pled the medical malpractice statute, and never took any doctor's testimony concerning the standards of care in his treatment.

At trial, the appellant attempted to call a former jail inmate who he characterized as an eyewitness. The trial court excluded the testimony because Mr. Young did not furnish the witness's full name, address, or telephone number to the defendant prior to trial. In response to an interrogatory as to witnesses he proposed to call, Mr. Young had merely listed his witness as "M. Beech." The appellant admitted that he had seen his witness about a month before trial and had obtained a business card with the witness's full name and phone number, but he never supplemented his interrogatory response with that information, even though Rule 26.05(1), Rules of Civil Procedure, requires such supplementation when new information is available.

The appellant also complains that he should have been granted a jury trial. But a jury is not permitted in cases against a municipal government or other governmental subdivisions. *See* Tenn. Code Ann. § 29-30-307 of the Governmental Tort Liability Act.

After examining the record of this case and the briefs of the parties, we must conclude that Mr. Young has been given his day in court, and that he has failed to prove any set of facts that would entitle him to relief under any theory that he has suggested. We therefore affirm the trial court.

## IV.

The order of the trial court is affirmed. The cause is remanded to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Sylvester Young.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-4-