IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
MAY 19, 2003 Session

# MARIE B. JENNINGS v. SEWELL-ALLEN, INC., d/b/a MEGAMARKET, f/k/a COST U LESS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005408-00     George H. Brown, Jr., Judge**

---

**No. W2002-01663-COA-R3-CV - Filed November 20, 2003**

---

This appeal arises from a personal injury action. The defendant filed a motion for summary judgment, which motion was granted by the trial court. This appeal ensued. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, joined.

Claiborne H. Ferguson, Memphis, TN, for Appellant

John Barry Burgess, Memphis, TN, for Appellee

## OPINION

### Facts and Procedural History

This action arises from injuries allegedly sustained when Marie Jennings ("Ms. Jennings") had a slip and fall accident in Defendant's store. On December 3, 1999, Ms. Jennings was shopping in Defendant's store when she claims to have slipped on a tan, liquid substance a quarter in size. Ms. Jennings does not know what the liquid was, how it got there, or how long it had been there.

Ms. Jennings broke her hip as a result of this fall, requiring surgery and months of physical therapy. As a result of this incident, Ms. Jennings claims that she sustained approximately $70,000 in medical expenses. Ms. Jennings filed suit on September 19, 2000, alleging that the Defendant store was responsible for her injuries because it had not maintained a safe store environment.

On April 8, 2002, Defendant filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. However, the Defendant did not file any affidavits in support of its motion for summary judgment, but did file a statement of uncontroverted facts. Defendant primarily relied on the following deposition testimony of Ms. Jennings:

1. Prior to the date of the incident, Ms. Jennings had never before seen any type of liquid on the floor of Defendant's store;
2. Ms. Jennings was running late, was walking fast and did not see the liquid that allegedly caused her fall; and
3. Ms. Jennings did not know what the liquid substance was, how it got on the floor or how long it had been there.

The trial court, finding that there were no genuine issues of material facts, granted this motion on July 10, 2002. Ms. Jennings filed her notice of appeal and raises the following issues for our review.

### Issues

1. Whether the trial court committed reversible error when it granted Defendant's Motion for Summary Judgment which failed to allege that there were no material facts in dispute concerning Ms. Jennings' cause of action based on the "Method of Operation" theory of liability.

2. Whether the trial court committed reversible error when it granted Defendant's Motion for Summary Judgment implicitly holding that there was no pattern of conduct, a recurring incident and/or a general or continuing condition indicating that the Defendant's self-service method of operation created a dangerous condition.

3. Whether the trial court committed reversible error when it ruled on Defendant's Motion for Summary Judgment prior to the Defense turning over certain documents that it had in its possession, related to Ms. Jennings' theory of liability, making discovery incomplete.

4. Whether the trial court committed reversible error when it denied Ms. Jennings' Motion to Compel Discovery, denying relevant evidence related to the "Method of Operation" theory of liability, and thus prejudicing her case.

### Standard of Review

The standard of review to be applied when assessing a motion for summary judgment was set forth by our Supreme Court in Staples v. CBL & Assocs., Inc., 15 S.W.3d 83 (Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588, *89; Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.[1]

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).

---

[1] A non-moving party may satisfy his or her burden by (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn. R. Civ. P. 56.06. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Byrd v. Hall,* 847 S.W.2d at 215, n. 6.

<u>Staples</u>, 15 S.W.3d at \*88-89.

## Law and Analysis

This Court, in <u>Martin v. Washmasters Auto Center, U.S.A.</u>, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996), discussed the relevant law in slip and fall cases as follows:

> While business proprietors . . . are not insurers of their patrons' safety, they are required to use due care under all circumstances. <u>Smith v. Inman Realty Co.</u>, 846 S.W.2d 819, 822 (Tenn. Ct. App. 1992). In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. <u>Ogle v. Winn-Dixie Greenville, Inc.</u>, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995); <u>Jones v. Zayre, Inc.</u>, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980). Constructive knowledge can be shown by proving the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition. <u>Simmons v. Sears, Roebuck and Co.</u>, 713 S.W.2d 640, 641 (Tenn. 1986).
>
> Alternatively, the notice requirement is met if the plaintiff can prove that the defendant's method of operation created a hazardous situation foreseeably harmful to others. <u>Hale v. Blue Boar Cafeteria Co.</u>, 1980 Tenn. App. LEXIS 321 (Tenn. App., field at Jackson, Feb. 21, 1980).

<u>Martin</u>, 946 S.W.2d at 318; <u>see also</u> <u>Trebing v. Fleming Companies, Inc.</u>, 40 S.W.3d 42, 46 (Tenn. Ct. App. 2000).

In the present case, Ms. Jennings premised her cause of action on the "knew or should have known" theory and alternatively on the "method of operation" theory. These theories both turn on the constructive knowledge of Defendant. This Court, however, will only address the "method of operation" theory because neither party pursued issues regarding the "knew or should have known" theory on appeal.

In cases where the dangerous condition is shown to be "a common rather than a transitory occurrence, the requirement of notice is satisfied where the plaintiff proves that 'the defendant's method of operation created a hazardous situation foreseeably harmful to others.'" <u>Friar v. The Kroger Co.</u>, No. 03A01-9710-CV-00470, 1998 Tenn. App. LEXIS 248, at \*8-9 (Tenn. Ct. App. Apr. 14, 1998) (citations omitted). The method of operation theory has been stated as follows "where a proprietor knows or has reason to know that his customers are regularly dropping hazardous debris on his floor or steps, the Tennessee cases teach that the proprietor must take reasonable precautions

to protect customers from injuring themselves on it." Id. at *9 (citing Self v. Walmart Stores, Inc., 855 F.2d 336, 339 (6th Cir. 1989)).

As previously discussed by this Court, the method of operation theory has evolved over time. Blair v. West Town Mall, No. E2002-02005-COA-R3-CV, 2003 Tenn. App. LEXIS 265, at *11 (Tenn. Ct. App. Apr. 4, 2003). When the theory initially developed, the notice requirement was essentially done away with and the issues were: "1) whether the condition created by the chosen method of operation constitutes a hazardous situation foreseeably harmful to others; 2) whether the proprietor used reasonable and ordinary care toward its invitees under these circumstances; and 3) whether the condition created was a direct and proximate cause of the plaintiff's injuries." Id.; see also Martin, 946 S.W.2d at 320. More recently, however, the cases have discussed this theory in terms of constructive notice with the focus on determining "whether there was a pattern of conduct, a recurring incident, or a general or continuing condition which indicated the dangerous condition's existence." Blair, 2003 Tenn. App. LEXIS, at *11-12 (citations omitted); see also Martin, 946 S.W.2d at 320.

Many previous cases involved a plaintiff who "slipped and fell on a substance spilled by another customer." Caire v. McLemore Food Stores, Inc., No. 02A01-9804-CV-00103, 1999 Tenn. App. LEXIS 28, at *10 (Tenn. Ct. App. Jan. 15, 1999). In such cases, the court examines "whether such spills were a common or regular occurrence in the defendant's business." Id. (citations omitted). It has been further stated that

> while discarded debris generally may be a common or everyday occurrence within the defendant's store, the common occurrence theory has only been applied in cases where particular debris has been discarded in a particular area, so that the defendant owner or operator knew or should have known of the dangerous condition created thereby.

Friar, 1998 Tenn. App. LEXIS, at *31 (citations omitted).

In her two first issues, Ms. Jennings argued that the trial court erred in granting Defendant's motion for summary judgment. As previously stated, the moving party must either "affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." Staples, 15 S.W.3d at 88 (citations omitted). If the moving party does not negate a claimed basis for the suit, then the non-moving party's burden to offer proof that establishes the existence of a genuine issue of material fact is not triggered and the motion for summary judgment must fail. Id. (citation omitted). Ms. Jennings had a duty to show that the Defendant had notice of the substance on the floor or, at the least, constructive notice due to the length of time it had been present so that Defendant, in the exercise of due care, should have been aware of the condition. After reviewing the record, it is clear that Ms. Jennings did not know what the substance was, how it came to be on the floor or how long it had been there.

In order to avail herself of the method of operation theory, Ms. Jennings must show "a pattern of conduct, a recurring incident or a general or continuing condition indicating the dangerous condition's existence." See id. at *21. The record establishes that she was unable to meet this burden.

In her third issue, Ms. Jennings argues that the trial court erred when it ruled on Defendant's motion for summary judgment before Defendant turned over certain documents. We find the trial court committed no error. The trial court considered Ms. Jennings' motion to compel and denied said motion by order entered January 28, 2002. Defendant filed its motion for summary judgment on April 8, 2002, more than two months after the trial court ruled on Ms. Jennings' motion. The trial court had already resolved the discovery issues well before it considered Defendant's motion for summary judgment and as such, we see no error.

In her fourth issue, Ms. Jennings argues that the trial court erred in denying her motion to compel discovery. It is well established that matters concerning pre-trial discovery are within the sound discretion of the trial court. Benton v. Snyder, 825 S.W.2d 409, 416 (Tenn. 1992). This court will not reverse the trial court's discovery decision unless there has been a clear abuse of discretion. Id. (citing Payne v. Ramsey, 591 S.W.2d 434, 436 (Tenn. 1979)).

Pursuant to Tennessee Rule of Civil Procedure 26.02(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." See TENN. R. CIV. P. 26.02(1). In her motion to compel and amended motion to compel, Ms. Jennings asked the court to compel Defendant to answer interrogatories numbers nine (9), eighteen (18) and nineteen (19) and to respond to request for production number two (2). Ms. Jennings claimed that Defendant's answers would demonstrate that Defendant had notice of dangerous conditions within its control.

We find the trial court did not abuse its discretion in denying Ms. Jennings' motion to compel. Interrogatory number eighteen (18) asked what procedures were implemented after the accident to protect from similar harm. Interrogatory number nineteen (19) asked for all instances of robberies or assaults occurring on customers, including robberies that occurred in the parking lot. Interrogatory number nine (9) asked for all known injuries to patrons since the store was owned by the present owner. Request number two (2) asked for all reports of injuries to customers including not only slips and falls but also robberies and assaults. Interrogatory number eighteen (18) requested information that is inadmissible and not reasonably calculated to lead to admissible evidence. Interrogatory number nineteen (19) sought information that is completely irrelevant to the current controversy. Interrogatory number nine (9) and request number two (2) were overbroad and unduly burdensome. We find the trial court committed no error and affirm.

## Conclusion

Accordingly, we affirm the trial court's denial of Ms. Jennings' motion to compel and the trial court's grant of summary judgment. Costs on appeal are taxed to the Appellant, Marie B. Jennings, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE