IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2013 Session

## SUZANNE W. BUTLER v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Appeal from the Circuit Court for Davidson County**
**No. 10C282      Carol Soloman, Judge**

---

**No. M2012-01863-COA-R3-CV - Filed June 21, 2013**

---

This appeal arises from a claim under the Governmental Tort Liability Act for injuries sustained by an employee of the Metropolitan Police Department that allegedly resulted from a fall in the break room at her workplace. The employee alleged that the chair she attempted to sit in, which had caster wheels, constituted a dangerous condition because it was on an uncarpeted, tile floor. She also alleged that the Metropolitan Government had notice of the dangerous condition and was negligent in failing to provide a safe work environment and in permitting the dangerous condition to remain. Following a bench trial, the court dismissed the action finding that Plaintiff failed to prove her negligence claim by a preponderance of the evidence because the evidence did not establish that the Metro Police Department had actual or constructive notice of any dangerous condition with sufficient time to take corrective action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Suzanne W. Butler.

James E. Robinson, Andrew D. McClanahan, Patrick J. Bradley, and Cynthia E. Gross, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### OPINION

Plaintiff, Suzanne Butler, was an employee of the Specialized Investigation Division ("SID") of the Metropolitan Police Department. On January 29, 2009, Ms. Butler entered the

break room located in the SID building for the purpose of eating her lunch. The break room had been remodeled and opened two days earlier. The break room was furnished with several new items including tables and chairs. The new chairs had caster wheels and the floor in the break room was of hard tile. After using the microwave to heat her food, Ms. Butler placed her food on a table before sitting. As she attempted to sit in one of the new chairs, the back of her leg hit the chair and the chair rolled away. Being unaware that the chair had rolled away, Ms. Butler squatted in an attempt to sit but she fell to the floor as there was no chair under her. Ms. Butler claims that a previous back injury was exacerbated by the fall.

On January 26, 2010, Ms. Butler commenced this action against the Metropolitan Government of Nashville and Davidson County ("Metro"). The complaint alleged that the combination of the chair with caster wheels and the hard tile floor constituted a dangerous condition and that Metro was negligent in not removing the chair. Ms. Butler later amended her complaint to allege that Metro knew that other persons had almost fallen due to the dangerous condition of the rolling chairs on the tile floor and that it was negligent in failing to warn her of the dangerous condition. Metro answered denying any negligence or knowledge of a dangerous condition; it also filed a counter-claim to assert an offset for injury on duty payments it had made to Ms. Butler.

A bench trial occurred on July 30, 2012. Pursuant to an order entered on August 8, 2012, the trial court dismissed the action upon the finding that Ms. Butler failed to prove her negligence claim by a preponderance of the evidence because the evidence did not establish that Metro had actual or constructive notice of a dangerous condition with sufficient time to take corrective action.[1] Metro's counter-claim was dismissed on December 14, 2012. Ms. Butler filed a timely appeal.

**STANDARD OF REVIEW**

The dismissal of Ms. Butler's case was made following a bench trial. The standard of review of a trial court's findings of fact is de novo, and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Id.*; *see also The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness, and "we must conduct our own independent review of the record to determine where the preponderance of

---

[1]The court also found that had it reached the issue of comparative fault, it would have found Ms. Butler forty-five percent at fault. Due to our ruling, that issue is moot.

the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

### CLAIMS OF NEGLIGENCE UNDER THE GOVERNMENTAL TORT LIABILITY ACT

Ms. Butler's cause of action was brought pursuant to the Governmental Tort Liability Act ("the GTLA"), Tennessee Code Annotated § 29-20-101 *et seq*. Due to the doctrine of sovereign immunity, tort claims may not be brought against the State of Tennessee or other governmental entities without their consent. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). The GTLA reaffirms this rule of immunity for local governmental entities and provides the exceptions under which a local government may be sued. *See* Tenn. Code Ann. § 29-20-201(a).

### PREMISES LIABILITY CLAIMS UNDER THE GTLA

Ms. Butler's claim against Metro constitutes a premises liability claim. The GTLA "basically codifies the common law obligations of owners and occupiers of property embodied in premises liability law, which generally requires the exercise of ordinary care and diligence in maintaining the premises, including an affirmative duty to protect against dangers of which one knows or which, with reasonable care, might discover." *Lindgren v. City of Johnson City*, 88 S.W.3d 581, 584 (Tenn. Ct. App. 2002).

In premises liability cases, the plaintiff must establish:

(1) the governmental entity owns and controls the location or instrumentality alleged to have caused the injury; (2) a dangerous, defective, or, in the case of sidewalks, unsafe condition caused the injury; (3) the governmental entity had actual or constructive notice of the dangerous condition; and (4) the governmental entity breached its duty to eliminate the condition or its duty to warn of the condition.

*Benn v. Pub. Bldg. Auth. of Knox Cnty.*, No. E2009-01083-COA-R3-CV, 2010 WL 2593932, at *2 (Tenn. Ct. App. June 28, 2010) (citing *Sears v. Metro. Nashville Airport Auth.*, No. 01A01-9703-CV-00138, 1999 WL 536341, at *5 (Tenn. Ct. App. July 27, 1999); *Burgess v. Harley,* 934 S.W.2d 58, 63 (Tenn. Ct. App.1996)).

Ms. Butler asserts that the combination of the new chairs, with caster wheels, on the hard tile floor in the break room constituted a dangerous condition; she also asserts that Metro had knowledge of the dangerous condition and that it failed to warn her of the dangerous condition. The trial court, however, found that Ms. Butler failed to prove that Metro had actual or constructive notice of any dangerous condition with sufficient time to take corrective action.

Actual notice is "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Lindgren v. City of Johnson City*, 88 S.W.3d 581, 584 (Tenn. Ct. App. 2002) (quoting *Kirby v. Macon Co.,* 892 S.W.2d 403, 409 (Tenn.1994)). Constructive notice is "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Id.* (quoting *Kirby*, 892 S.W.2d at 409). Whether Metro had actual or constructive notice of a dangerous condition or defect is a question of fact. *James v. Metro. Gov't of Nashville & Davidson Cnty.*, 404 S.W.2d 249, 252 (Tenn. Ct. App. 1966).

The evidence presented at trial was that the new chairs, which had been ordered by an interior design contractor hired by Metro, were placed in the break room two days prior to Ms. Butler's fall. The evidence established that the contractor knew the chairs were going to be placed on an uncarpeted floor, therefore, the contractor ordered chairs with "soft casters" that were designed to be used on uncarpeted floors such as the floor in the SID break room.

On the day prior to her fall, a visiting federal agent almost fell while attempting to sit in one of the new chairs, after he bumped the chair and the chair moved, however, he caught himself and did not fall. This incident was witnessed by Lt. Michael Fuhrer, a Metro Police Department employee who also worked in the SID. Additionally, a few moments prior to Ms. Butler entering the break room, another employee became startled when she attempted to sit in one of the new chairs and almost fell, however, she also caught herself and successfully sat in the chair. A few moments later, Ms. Butler entered the room and she fell to the floor following her unsuccessful attempt to sit in one of the new chairs.

After Ms. Butler's incident, Lt. Fuhrer sent an email to his superiors in which he informed them that the wheels on the new chairs might be causing a problem with "everybody slipping and sliding." Ms. Butler insists this proves knowledge of the dangerous condition, however, Lt. Fuhrer's email, standing alone, does not prove that the chairs and tile floor constituted a dangerous condition, nor does it prove that Metro had knowledge prior to Ms. Butler's fall because, prior to her fall, no one had fallen. There were only two

incidents, one the day before her fall, and one moments prior to her fall, where persons were surprised by the easy movement of the chairs but did not fall and were not injured. Furthermore, Ms. Butler provided no expert proof to support her contention that the new chairs were designed improperly or constituted a dangerous condition when used on a tile floor such as the one in the SID break room. We, therefore, find that Ms. Butler failed to prove by a preponderance of the evidence that a dangerous condition existed.

Assuming arguendo that Ms. Butler proved that the chairs in combination with the tile floor constituted a dangerous condition, she still had to prove that Metro had a sufficient amount of time after it obtained actual or constructive notice of a dangerous condition to take corrective action or to warn of the dangerous condition. *See Trebing v. Fleming Companies, Inc.*, 40 S.W.3d 42 (Tenn. Ct. App. 2000); *see also Souter v. Cracker Barrel Old Country Store, Inc.*, 895 S.W.2d 681 (Tenn. Ct. App. 1994). The trial court found, assuming a dangerous condition existed, that Metro did not have actual or constructive notice of a dangerous condition with sufficient time to take corrective action or to warn of the condition and we have determined that the evidence does not preponderate against that finding.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Suzanne Butler.

_____
FRANK G. CLEMENT, JR., JUDGE